**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 16-3674

———————

SAMIR Y. ELAYYUB,
a/k/a  Samil Ayoub, a/k/a Samir Yousef Ayyub,
a/k/a Samir Yousef Ayoub,
                                                    Petitioner
v.

THE ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent

———————————————————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A023-268-031)
Immigration Judge:  Honorable Alan A. Vomacka

———————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 21, 2017

Before: RESTREPO, SCIRICA, and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 25, 2017)

———————

OPINION[*]

———————

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Samir Elayyub petitions for review of a decision of the Board of Immigration Appeals (BIA).  For the reasons below, we will dismiss the petition for review.

Elayyub, a citizen of Jordan, entered the United States in 1979 as a student and became a lawful permanent resident in 1983.  In 1995, he was convicted of unlawful possession of a handgun and unlawful possession of a weapon.  In 2003, he was convicted of possession with intent to distribute marijuana, possession with intent to distribute marijuana near a school, and possession of a firearm while committing a controlled substance offense.  He was sentenced to fifteen years in prison.  In 2015, he was charged with removability; the notice to appear alleged he had been convicted of a controlled substance offense, an aggravated felony, as well as an offense involving a firearm.  Represented by counsel, he conceded removability and applied for withholding of removal and relief under the Convention Against Torture (CAT).[1]  After a hearing, an Immigration Judge (IJ) denied relief and ordered Elayyub removed.  Elayyub filed a counseled appeal to the BIA, which affirmed the IJ's decision and dismissed the appeal.  Acting pro se, Elayyub filed a petition for review.

In its brief as well as a motion to dismiss, the Government argues that we lack jurisdiction over Elayyub's petition for review because he is removable as an aggravated felon and for being convicted of a controlled substance offense.  See 8 U.S.C. §

_____

[1] As an aggravated felon convicted of a "particularly serious crime," Elayyub was ineligible for cancellation of removal, asylum, withholding of removal, and withholding of removal under the CAT; he was potentially eligible only for deferral of removal under the CAT.  See 8 U.S.C. §§ 1158(b)(2)(A)(ii), (B)(i); 8 U.S.C. § 1231(b)(3); 8 C.F.R.

1252(a)(2)(C). The Government concedes that we retain jurisdiction to review constitutional claims and questions of law, see 8 U.S.C. § 1252(a)(2)(D), but argues that the denial of Elayyub's CAT claim was based on a factual finding that is not reviewable. However, we do not reach this issue because Elayyub does not meaningfully challenge the denial of CAT relief. His one-sentence mention at the end of his brief of the possible harm to him by ISIS if he is removed to Jordan is not sufficient to raise any reviewable issue.[2] Voci v. Gonzales, 409 F.3d 607, 609 n.1 (3d Cir. 2005) (passing reference not sufficient to raise issue).

In his brief, Elayyub challenges his removability. However, before the IJ, while represented by counsel, he conceded his removability. See A.R. at 81, 99, 113-14. In his counseled three-page brief before the BIA, he mentioned his firearm convictions but did not challenge his removability. A.R. at 6-9. The Government correctly argues that he did not exhaust this issue and we lack the jurisdiction to review it. See 8 U.S.C. 1252(d)(1) (Court may review final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right"). In his reply brief, Elayyub argues that he is eligible to apply for a waiver of inadmissibility and that he received ineffective assistance from his counsel. These arguments are likewise unexhausted and unreviewable.

___

§ 1208.16(d).
[2] "The biggest factor in making the decision to review the Petitioner's removal is the severity of the harm that would occur if the Petitioner was removed a country that's been invaded by ISIS." Brief at 22.

3

Because we lack jurisdiction over the issues Elayyub has raised, we will dismiss the petition for review.